# IN THE COURT OF APPEALS OF IOWA

No. 18-0592
Filed June 6, 2018

IN THE INTEREST OF C.R.,
Minor Child,

J.R., Father,
　　　Appellant.

_____

　　　Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.


　　　A father appeals the termination of his parental rights to his child. **AFFIRMED.**


　　　Martha L. Cox, Bettendorf, for appellant father.

　　　Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

　　　Brian P. Donnelly of Mayer, Lonergan & Rolfes, P.C., Clinton, guardian ad litem for minor child.


　　　Considered by Danilson, C.J., and Mullins and McDonald, JJ. Tabor, J., takes no part.

**MULLINS, Judge.**

A father appeals the termination of his parental rights to his child.[1] He challenges the grounds for termination of his parental rights and contends the juvenile court erred in refusing to consider his motion to modify placement prior to termination.[2]

The Iowa Department of Human Services has been providing services to these parents in relation to a number of their children since 2015. The father has a history of aggressive behavior and domestic violence. The child in interest was born in early July 2017. Hospital staff received a report from a third party that the mother engaged in the use of methamphetamine on the date she was admitted to the hospital and gave birth to the child. The mother refused drug testing but admitted she used methamphetamine during her pregnancy. The child tested

---

[1] Regular readers of the opinions of this court will notice striking similarities between the legal analysis contained in this opinion and that contained in another being filed simultaneously. *Cf. In re E.B.*, No. 18-0486, 2018 WL _____ (Iowa Ct. App. June 6, 2018). This is because these cases share the same appellant who forwards the same—largely verbatim—arguments in the separate cases. Although the factual and procedural histories of the separate cases vary, albeit minimally, and we limit our analysis of each case to its record alone, the legal principles employed still apply equally to each case.

[2] As he did in a separate appeal concerning termination of his parental rights to another of his children, the father also contends the juvenile court "erred when it did not consider the evidence for purposes of a permanency hearing and only a termination of parental rights hearing, therefore waiving the father's right to request six more months to reunify with his child." As we do in the other appeal, we find no merit in the father's argument that the juvenile court's decision to conduct the termination hearing prior to a permanency hearing effectually foreclosed his right to request a six-month extension, as such a request may be made in a termination hearing and in fact was made by the father at the termination hearing in this case. *See* Iowa Code § 232.117(5) (2017) (providing if, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b)); *see also id.* § 232.104(2)(b) (affording the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period").

positive for methamphetamine. At the time of the child's birth, the father[3] was incarcerated. The father remained incarcerated throughout these proceedings, but the evidence reflects he was to be released on parole in April 2018. The father testified at the termination hearing he has been incarcerated for an approximate total of seven years since 2008. The father has a total of eight children and has never been involved in any of their lives.

The child was removed from the mother's care on July 10, 2017, and was placed in foster care. Shortly thereafter, the father filed a letter with the court stating, "I will not be attending this court" and "do not send me another piece of paper about this child." The father testified that, at the time he sent the letter, he knew he was potentially the child's father. A few days later, service providers visited the father in jail, upon which the father advised, "I don't want anything to do with this child." In August, the juvenile court adjudicated the child a child in need of assistance and ordered the foster-care placement to be continued. Following a dispositional hearing in October, the court again continued the foster-care placement. The child has been in the same foster-to-adopt home his entire life and is bonded with his foster parents. The child has special needs, and those needs have been consistently met in the foster home.

The State petitioned for the termination of both parent's parental rights on December 7. The father took no part in the proceedings until December 11, when he filed a motion to "modify disposition and/or placement." In his motion, the father stated his mother and her husband are licensed foster parents and requested that

---

[3] At the time of the child's birth, the mother asserted the appellant was the father of the child. In August, paternity testing confirmed him to be the child's biological father.

the child be placed with them. The court ordered that the motion be considered at the same time as the upcoming permanency and dispositional-review hearing. In a subsequent order, the court noted the "[f]ather's mother needs to be vetted as a family placement," and ordered that all matters, including the issue of termination, be considered at the next hearing, which was ultimately held in March 2018.

Following the hearing, the court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b), (e), (g), and (h). The father filed a motion to reconsider, enlarge, or amend requesting the court to allow him an additional six months to work toward reunification and to grant his motion to modify placement. The juvenile court denied the motion, and the father appealed.[4]

Appellate review of termination-of-parental-rights proceedings is de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018) (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

First, the father challenges the grounds for termination of his parental rights under section 232.116(1)(b), (e), (g), and (h). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

As to paragraph (h), the father does not challenge the sufficiency of the evidence, argue termination is not in the best interests of the child, or contend a statutory exception should be applied to preclude termination. *See* Iowa Code § 232.116(1)–(3). He only argues he was denied due process when the juvenile

---

[4] The mother's parental rights were also terminated. She does not appeal.

court held a combined termination and permanency hearing and the circumstances render termination under paragraph (h) inappropriate. He states his argument as follows:

> [W]hen any Termination of Parental Rights Hearing is combined with a Permanency Hearing, it renders the request for six more months to reunify, as permitted by Iowa Code Section 232.104(2)(b), meaningless because, if the child cannot be returned to the parent's custody that day, a ground for termination of parental rights exists. Here, review/permanency hearings were continued without having a substantive hearing to request services and more time to reunify. In order to afford parents the right to request more time to reunify, as permitted by Iowa Code Section 232.104(b), Permanency hearings cannot be combined with Termination of Parental Rights Hearings. Combining such hearings violates a parent's right to due process of law.
>
> Therefore, the district court erred when it terminated the father's parental rights pursuant to Iowa Code Section 232.116[(1)](h) because he was not afforded due process of law.

However, this due process argument was neither raised in, nor decided by, the juvenile court. The argument is therefore not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decided them on appeal."); *State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues."). Furthermore, the father has failed to provide us with any legal authority to support his position. Therefore, we alternatively deem the argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Ingraham v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case

would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Because the father's challenge to termination under paragraph (h) is both waived and not preserved and the father does not challenge the sufficiency of the evidence, argue termination is not in the best interests of the child, or contend a statutory exception should be applied to preclude termination, we affirm the termination of his parental rights pursuant to section 232.116(1)(h), the grounds for which we find supported by clear and convincing evidence. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (indicating that if a party does not challenge a particular step in the three-step termination framework, appellate courts need not address the issue).

Next, the father contends the juvenile court erred in refusing to consider his motion to modify placement prior to termination. He argues placing the child with his mother, a relative, is less restrictive than continuing the placement of the child in his foster-to-adopt home, where he has resided all of his life. We acknowledge that "chapter 232 favors relative placements over nonrelative placements." *In re N.M.*, 528 N.W.2d 94, 97 (Iowa 1995). In this case, as opposed to the father's separate appellate challenge to the termination of his rights to another child, the father never opposed the juvenile court's practice of considering the issue of termination before modification or permanency. Again, error is not preserved on this claim. *See Meier*, 641 N.W.2d at 537 (Iowa 2002); *Mulvany*, 600 N.W.2d at 293. In any event, we find the juvenile court's decision to reserve ruling on the modification motion pending termination was not inappropriate. *See In re D.S.*, 806 N.W.2d 458, 472 (Iowa Ct. App. 2011) (concluding juvenile court acted

appropriately in declining to address placement issue until after termination hearing where issue of placement was not raised until well after removal and after termination proceedings had been initiated).  Furthermore, "[w]hen a court terminates parental rights, there is no statutory preference for placement with a relative."  *A.S.*, 906 N.W.2d at 477.

We affirm the juvenile court.

**AFFIRMED.**